5 F.3d 534
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 ARCHTEC, INC., a professional corporation of Dennis E. Rusk,
Architect, AIA; Dennis E. Rusk, individually,
Plaintiffs-Appellants,
v.
CITY OF HENDERSON; Henderson District Public Library, a
state agency; Janet Clark, Director of Henderson District
Public Library, individually and in her official capacity;
Julie Wesson, individually and in her official capacity as
chairman of the Henderson Library Board of Trustees;
Dorothy Coroneos, individually and in her official capacity
as a member of the Henderson Library Board of Trustees, et
al.; Ron Hubel; Nevada, a Municipal Corp., Defendants-Appellees.
 No. 92-15316.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 16, 1993.
Decided Sept. 1, 1993.
 
 Before: LAY,* HUG and SCHROEDER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Plaintiff-Appellant Archtec is a corporation engaging in architectural services. Its president and principal shareholder is plaintiff-appellant Dennis Rusk. Archtec entered into two contracts: one with the City of Henderson to design a city hall, and one with the Henderson District Public Library to design a new library. The City and Library later entered into an agreement to build the two projects together. After Archtec presented the plans, the project was sent out to bid, but the only bid received was well over budget. The Library then terminated Archtec's project and filed a complaint with the Nevada State Board of Architecture accusing Archtec of fraud, deceit, negligence and incompetence.
 
 
 3
 After some further negotiations, there was a new contract between Archtec and the Library; the Library withdrew its complaint and Rusk agreed not to sue. The Library sometime later terminated that contract. The contract with the City was either terminated by the City or abandoned by Archtec.
 
 
 4
 Plaintiffs filed this action in federal district court alleging that both the City and the Library denied them due process by terminating the contracts and by making defamatory allegations of incompetence. Claims were alleged under 42 U.S.C. Sec. 1983. The district court granted summary judgment in favor of the defendants and this appeal followed.
 
 
 5
 Appellants first contend that the defendants violated Rusk's constitutionally protected property right in employment, relying upon the line of authority beginning with Bd. of Regents v. Roth, 408 U.S. 564 (1972). Second, appellants argue that the defendants deprived them of due process by making defamatory remarks. We affirm.
 
 
 6
 With respect to appellants' first claim, the district court correctly held that this case is governed by San Bernardino Physicians' Servs. Medical Group, Inc. v. County of San Bernardino, 825 F.2d 1404 (9th Cir.1987). That case, like this one, dealt not with an individual contract of employment, but with a corporation's contract to supply professional services. Physicians' Group held that whether the professional employees of the corporation had security of tenure depended not upon the contract between the corporation and the government entity, but upon the contract with the professionals' employer. Here appellees contracted with Archtec for the performance of professional services by the corporation. The termination of a contract between defendants and the corporation did not affect any employment relationship between Rusk and the city.
 
 
 7
 Appellants' claim for loss of business good will based on alleged defamation by City and State officials is not cognizable under Sec. 1983. Appellants' claim is, in essence, no different than that rejected by the Supreme Court in Paul v. Davis, 424 U.S. 693 (1976), where the Supreme Court refused to recognize loss of employment opportunities as an interest protected by due process. Appellants have failed to show that some "tangible interest" has been implicated along with reputation. See Siegert v. Gilley, 111 S.Ct. 1789 (1991); see also Cooper v. Dupnik, 924 F.2d 1520, 1532 (9th Cir.1991), rev'd on other grounds, 963 F.2d 1220 (1992) (en banc) (plaintiff must show more than loss to reputation).
 
 
 8
 Appellants rely on our pre-Siegert decision in Sorano's Gasco, Inc. v. Morgan, 874 F.2d 1310 (9th Cir.1989). In Sorano's Gasco, we held that business good will under California law could be regarded as a property interest for purposes of a Sec. 1983 action based upon termination of a permit to do business. Not only was Sorano based upon California rather than Nevada law, it was also not a defamation case. Moreover, the Fifth Circuit defamation case upon which it relied, Marrero v. City of Hialeah, 625 F.2d 499 (5th Cir.1980), cert. denied, 450 U.S. 913 (1981), was criticized by this court's subsequent en banc decision in Cooper. We can find no principled basis upon which to distinguish between the loss of personal reputation ruled nonactionable in Paul, and loss to business reputation as alleged in this defamation case. See Paul, 424 U.S. at 701 (Fourteenth Amendment is not "a font of tort law to be superimposed upon whatever systems may already be administered by the States.").
 
 
 9
 AFFIRMED.
 
 
 
 *
 Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3